Summers, J.
The ground of the motion is that notice of intention to appeal was not entered on the records within three days after the entering of the judgment.
Judgment was entered on April 27.
The judgment entry which was filed on that day, contained no notice of defendants’ intention to appeal; but, after three days had intervened, notice of defendants’ intention to appeal was added to this entry. This addition was made without the consent of plaintiff’s counsel, and, on May 12, at the same term, on their motion, this notice was ordered stricken from the entry and record, and was so done, without exception by the defendants.
Meanwhile, on May 8, the following entry was made upon the records:
“April Term, May 8, 1897. And now comes the defendants herein, Ferdinand Bowsher and Ella Bowsher, and give notice of their intentions to appeal this action to the circuit court, and the court fixes the appeal bond at two hundred and fifty dollars. And it appearing to the court that said notice was given within three days from the entry of judgment, the court orders that this entry be made as of the date of the entry of judgment. To which the plaintiff takes exception. ’’
The defendants gave an undertaking in the amount fixed by the court and within the time prescribed, and filed a transcript and the original papers and pleadings with the clerk of this court.
Counsel for defendants say that at the time the judgment was rendered,the trial judge made a memorandum upon his docket of notice of defendants’ intention to appeal, and of the amount of the appeal bond. But the question here is to be determined by the record, and, the notice of appeal having been stricken out of the entry of April 27, and from *116 the records, without objection by defendants, the record stands as if no notice had been entered except that in the nunc pro tunc order of May 8, and the question is whether an omission to enter upon the records, within three days after the judgment or order is entered, notice of intention to appeal,can be cured by a nunc pro tunc order?
The right of appeal rests solely upon statutory provisions, and unless those provisions have been complied with, this court does not by the appeal acquire jurisdiction of the subject matter.
Section 5227, Rev. Stats, provides that
“A party desiring to appeal his cause to the circuit court shall, within three days after the judgment or order is entered, enter on the records notice of such intention, and within thirty days after the entering of such judgment or order upon the journal of the court, give an undertaking with sufficient surety, to be approved by the clerk of the court or a judge thereof, as hereinafter provided.”
The statute does not provide that notice shall be given to the court or to the opposite party, but requires notice of the intention to appeal to be entered on the records within three days after the judgment or order is entered. The object is to give notice, not merely to the opposite party, but to every one whose interest it may be to know. The duty and power of the court in respect to the matter of the appeal is limited to fixing the amount of the bond and deciding to which party it shall be made payable.
If the statute merely required notice of appeal to be given, and notice was given, then the court might, by a nunc pro tunc order,supply record evidence of that fact; but it is the office of a nunc pro tunc order to supply record evidence of what was previously done, and not at a subsequent time to do,as of a previous time, something which never was done. The Cleveland Leader Printing Co. v. Green, 52 Ohio St., 487.
C. J. Delaplane and F. C. Hubbard, for the motion.
Gale & Clarke, contra.
In Moore v. Brown, 10 Ohio, 197, it is held that
“A notice of appeal, marked by the court on its docket, büt not carried into the journals, is not a compliance with the statute requiring such notice to be entered on the record; nor can the omission be cured by a nunc pro tunc order, at a subsequent term.”
This decision is disapproved by Bartley, J.,in Hubble v. Renick, 1 Ohio St., 171, 172, but the question was not involved in the decision [of that case, and Moore v. Brown has. not been overruled, and is decisive of the question here presented. The statute under consideration in Moore v. Brown is found in Swan, 1841, page 682, sec. 124, and required the party desiring to appeal to enter on the records notice of his intention at the term at which the judgment or decree was rendered. The law now requires the notice to be entered within three days after the entering of the judgment or order, and so far as this question is concerned, that is the only difference.
“When the time for taking an appeal has expired, it cannot be arrested or called back by a simple order of court, such as entering an order mino pro timo.”
Credit Co. v. Ark. Cent. Ry., 128, U. S. 258.
Motion sustained, appeal dismissed,
Note. See Layer, guardian v. Shaber Admr., 38 W. L. B., 299, 57 Ohio St., decided by the supreme court since this opinion was received for publication. Ed. W. L. B.